Reese, J.
delivered the opinion of the court.
The question in this case is embraced within narrow limits. It turns upon the sufficiency of the proof, and the accuracy of the charge to the jury as to what is technically called the rogatio testium of a nuncupative will propounded for probate. Two witnesses, John B. Hays and Laird H. Boyd, testified, that the deceased, addressing himself to them, said: “I wish to make a disposition of my effects” — and then went on to declare the nun-cupation.
They felt and understood themselves by such address to *344 them, and the language used, to be called on specially to notice the factum of the will. The will being made, the deceased explained to them the reasons and motives which produced the particular disposition. There is no doubt, from the testimony of these witnesses, that it was the fixed purpose of the party to perform,.and that he believed, he was performing, a testamentary act.
The leading object of the 15th sec. of the act of 1784, as to the special requirement to bear witness, or the rogatio testium, is doubtless to distinguish between a valid nuncupation, and casual conversations by one in his illness, as to his wishes on the subject of his property, and to guard against the latter being imposed upon the court as testamentary. But it is not necessary for such purpose, that the testator (if he may be so called) should know or quote the very language of the statute. It is sufficient, if by intelligent act and language, he invoke their special attention and attestation to what he is going to say, or to what he has said. If he address them, and say, I wish to make a disposition of my effects, and go on then and make the factum of said disposition, we cannot say, that the statute has not been complied with.
The court charged that it would be sufficient, if one witness heard and proved the rogatio; and such charge does not appear to be contrary to the authorities found in the Ecclesiastical Reports.
This court said, in the case of Tally vs. Butterworth, 10 Yer. 503, obiter et arguendo, that perhaps all the witnesses must hear and prove the rogatio.
It may be, that this is not necessary. It is not material, however. as it seems to us, to decide the point: for here, two witnesses both heard and proved the rogatio.
Let the judgment be affirmed.